*559 OPINION.
Love:
It is conceded by the Commissioner that the amount of $31,539.38 represented interest derived during the fiscal period ended October 31, 1921, from notes of political subdivisions of Rhode Island and Massachusetts and as such is not taxable. The petitioner erred, therefore, in including such amount in its gross taxable income. Accordingly, the petitioner’s taxable income for the fiscal period ended October 31, 1921, should be reduced by the amount of $31,539.38.
The petitioner contends that, in addition to the amount of $100,000 taken as a deduction on account of bad debts ascertained to be worthless and charged off in the fiscal year 1921, and which deduction was allowed by the Commissioner, it is entitled to a deduction from gross income of the amount of $200,000 representing the addition to its reserve for bad debts for the fiscal year 1921. We can not agree with this contention.
The provision of the Revenue Act of 1921 which permits a corporation taxpayer to deduct from gross income a reserve for bad debts is section 234 (a) (5), which reads as follows:
Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.
It will be noted that the above-quoted provision of the 1921 Revenue Act gives the Commissioner discretion with respect to additions to a reserve for bad debts. In the instant appeal the Commissioner permitted the petitioner to deduct from gross income for the period in question certain bad debts in the amount of $100,000 ascertained to be worthless and charged off within the taxable period. Such action on the part of the Commissioner constitutes a valid exercise of the discretion vested in him.
The evidence adduced shows that in setting up its reserve for bad debts and in making additions thereto the petitioner apparently resorted to guess work. There is no evidence with respect to its experience as to losses over a period of years upon which a reasonable reserve might be predicated.
It has been held by this Board that the petitioner can not in a given year deduct both the addition to its bad debt reserve and debts ascertained to be worthless and charged off within the taxable year. *560 Appeal of Transatlantic Clock & Watch Co., 3 B. T. A. 1064. We approve, therefore, the respondent’s determination in disallowing as a deduction from gross income for the fiscal period ended October 31, 1921, the amount of $200,000, representing the addition to its reserve for bad debts for that period.
The petitioner also contends that it is entitled to a deduction from gross income for the fiscal year 1921 of the amount of $87,500 on account of a bad debt by reason of the adjustment notes owned by it which, it alleges, were recoverable only in part.
The petitioner exchanged in 1920 the 5 per cent gold notes of the Massachusetts Electric Companies for adjustment notes due in 1922, of the same par or face value, the latter notes having as collateral thereto the adjustment stock. Assuming that this exchange complied with the provisions of section 202 (b) of the Revenue Act of 1918, and that no gain or loss occurred by reason thereof, we are of the opinion that the petitioner is not entitled to a deduction for the year 1921 on account of a debt alleged to be worthless in part.
In 1918, 1919, and 1920, the petitioner charged off certain amounts on account of the notes held by it at those times. The record is silent as to the basis upon which it made such charges. There is no evidence as to the value of the notes at the times they were written down on the books. The petitioner did not claim the amounts charged off as deductions for the reason that the Revenue Act of 1918 did not permit the deduction of part of a debt as worthless. At the close of the fiscal year 1921, the petitioner made a further charge against the notes and claimed the entire amount written off in 1921 and preceding years, to wit, $87,500, as a deduction for the year 1921.
It appears from the record that the adjustment notes were not due until 1922 and were secured by adjustment stock which had been provided for the retirement of the notes on the due date.
It further appears that the new company, issuer of the adjustment stock, was actively engaged in business and that the adjustment stock in October, 1921, was not in fact entirely worthless. In fact, the petitioner alleges that the adjustment stock had some value at that time. In W. P. Davis v. Commissioner, 6 B. T. A. 1267, we stated:
Petitioner’s claim of a loss in 1924 is based upon the decline in the value of stock owned by him in the Cross Mountain Coal Co. * * * Its value may have fluctuated much since that time but the decline in value of property does not give rise to a deductible loss under the statute any more than does the increase of the market value of the property owned give rise to taxable income. The evidence does not show and the petitioner does not claim that the stock was worthless at the end of 1924. Until it is clearly shown that stock owned in a corporation which is still in existence and has assets is in fact worthless and *561 there is no probability that any portion of the investment will ever be recovered, no deductible loss under tlie statute has been sustained. See Appeal of E. O. Walgren, 4 B. T. A. 1066; J. J. Melick v. Commissioner, 6 B. T. A. 70; Appeal of George C. Ryder, 2 B. T. A. 1060. * * *
We think the Commissioner correctly denied the deduction claimed with respect to the adjustment notes secured by adjustment stock.
Reviewed by the Board.

Judgment will be entered on 15 days' notice, under Rule 50.

Milliken dissents.